KOJO MFUM, Petitioner, v. COMMISSIONER OF 1NTERNAL REVENUE, Respondent.
Mfum v. Comm'r
Docket No. 9065-11 L
United States Tax Court
2012 U.S. Tax Ct. LEXIS 49; July 27, 2012, Entered
*49 Richard T. Morrison, Judge.
Richard T. Morrison
ORDER AND DECISION
For the reasons explained below, we enter summary judgment in favor of the respondent, the Commissioner of Internal Revenue.
On March 16, 2011, the IRS Appeals Office issued a notice of determination sustaining a proposed levy against the petitioner, Mr. Kojo Mfum. The purpose of the proposed levy is to collect income-tax assessments for tax years 2004 and 2005. Mfum filed a petition challenging the notice of determination. In response to the Commissioner's motion for summary judgment, Mfum argues that the determination is flawed in two respects.
First, Mfum contests the amounts of the tax liabilities that the IRS assessed. In its motion for summary judgment, the IRS alleged that Mfum received notices of deficiency and therefore cannot challenge the amounts of the tax liabilities. When we ordered Mfum to respond to the IRS's motion for summary judgment, we explained:
If Mr. Mfum disagrees with the facts set out in the IRS's motion, then his response should point out the specific facts in dispute.
In his opposition to the motion, Mfum did not deny that he received notices of deficiency. We consider Mfum to have received notices *50 of deficiency. SeeTax Ct. R. Pract. & Proc. 121(d). He is therefore barred from contesting the amounts of the liabilities. See26 U.S.C. sec. 6330(c)(2)(B).
Second, Mfum contends that the Appeals Office did not give him a face-to-face hearing in its office closest to his residence and that it was in a hurry to finish the hearing. Mfum's mailing address that he used in his correspondence with the Appeals Office was a post-office box in Ft. Dix, New Jersey. The record is not clear where Mfum's actual residence was. On August 31, 2010, the Appeals Office sent Mfum a letter stating that it had received his case in its "campus" in Holtsville, New York. The letter stated that ifMfum preferred his hearing to be a face-to-face conference at its office nearest to his residence, he should let the Appeals Office know so that his case could immediately be transferred to the appropriate "field office." The Appeals Office apparently heard no such request from Mfum. On October 5, 2010, the Appeals Office in Holtsville sent Mfum a letter stating that it had scheduled a telephone conference call for him on October 27, 2010. On October 18, 2010, Mfum sent a fax to the Appeals Office. He requested a *51 face-to-face hearing "at the Appeals Office closer to Pemberton, New Jersey." (Apparently, the office closest to Pemberton, New Jersey, is Philadelphia). Mfum stated that his telephone number had been disconnected. He asked that the telephone conference call on October 27, 2010, be cancelled. On October 20, 2010, the Appeals Office in Holtsville wrote a letter responding that it had received Mfum's request for a face-to-face hearing, but before the file could be transferred to "your [Mfum's] local Appeals office" it needed to speak to him "to clarify some issues." The letter asked Mfum to call the Appeals Office in Holtsville on October 27, 2010 at 2:00 p.m. On October 25, 2010, Mfum responded by fax:
I am not going to be able to call you on 27 October 2010 at 2:00 PM ET. My telephones have been disconnected. We can clarify the issues through the mail or fax. I am requesting a face to face hearing at the nearest Appeals Office.
Internal IRS documents show that the Appeals Office in Holtsville transferred Mfum's file to the Appeals Office in Newark, New Jersey, on November 3, 2010. On December 13, 2010, the Appeals Office in Newark sent Mfum a letter scheduling a face-to-face hearing *52 in Newark on January 5, 2011. The letter informed Mfum:
If this time is not convenient for you, the phone number has changed, or you would prefer your conference to be held by face-to-face at the Appeals office closest to your current residence, the school you attend or your place of employment or ifyou are a business, your business address, or by correspondence, please let me know within fourteen (14) days from the date of this letter. I will discuss with you ifthere are any offices that may be more convenient for you (e.g., Appeals office nearest place of employment or school) when you contact me.
On January 4, 2011, Mfum sent a fax to the Appeals Office in Newark. The fax is not in the record, but the notes of the Appeals Office state:
I rec'd fax from taxpayer, requesting a face-to-face hearing in the areas of Pemberton, Brown Mills, McGuire AFB or an Appeals Office closer to his address.
Mfum did not attend the hearing in Newark on January 5, 2011. The Appeals Office sent a letter to Mfum on January 26, 2011, stating:
You had indicated in a fax to our office that you are interested in a face-to-face hearing closer to your place of residence. However, the only Appeals Office in New *53 Jersey is located in Newark. There is an Appeals Office in PhiladelphiaPA, but I am not sure ifthat office is any closer to your place of residence. I tried calling you, but I do not have a working phone number for you. Please call me within the next 14 days at the phone number listed above, so that we may reschedule your hearing date.
On February 22, 2011, Mfum called the Appeals Office in Newark. The notes of the Appeals Office summarize the call thusly:
I [the Appeals Officer] informed him [Mfum] that the only Appeals office in NJ is in Newark for his face-to-face hearing, unless he is closer to Philadelphia, which he didn't think he was.
The notes also say:
If the taxpayer [Mfum] does not c/b [call back] by 03/01/2011 to reschedule our hearing date, I will issue my determination letter and close my case.
No further contact with Mfum is noted. The Appeals Office issued its determination on March 16, 2011. Treasury Regulation sec. 301.6330-1(d)(2) A-D7 states: "[a] taxpayer * * * will ordinarily be offered an opportunity for a face-to-face conference at the Appeals office closest to taxpayer's residence." The IRS takes the position that "the settlement officer scheduled a face-to-face *54 appeals conference with petitioner in Newark, New Jersey, the closest appeals office to petitioner's residence * * *." The summary-judgment record does not reveal where Mfum resided. However, the notes of the Appeals Office indicate that on February 22, 2011, Mfum suggested to the Appeals Office that his residence was closer to Newark than to Philadelphia. The Appeals Office did not abuse its discretion in holding the hearing in Newark, as Mfum himself suggested that this was the closest office to his place of residence.
Given the foregoing, it is
ORDERED that respondent's motion for summary judgment, filed April 24, 2012, is granted; and it is
ORDERED and DECIDED that respondent may proceed with the collection of petitioner's federal income tax liabilities for the tax years 2004 and 2005, as described in the Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330, dated March 16, 2011.
/s/ Richard T. Morrison
Judge
ENTERED: JUL 27 2012